IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CISCO SYSTEMS, INC. and MOTOROLA SOLUTIONS, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. _____ |
| INNOVATIO IP VENTURES, LLC, | ) ) | **DEMAND FOR JURY TRIAL** |
| Defendant. | ) ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Cisco Systems, Inc. ("Cisco") and Motorola Solutions, Inc. ("Motorola"), for their complaint against Innovatio IP Ventures, LLC ("Innovatio"), hereby allege as follows:

## NATURE OF THIS ACTION

1.    This is an action for declaratory judgment of non-infringement and invalidity of seventeen  United States patents pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the United States Patent Law, 35 U.S.C. § 100 *et seq.*, and for such other relief as the Court deems just and proper.

## THE PARTIES

2.    Plaintiff Cisco is a corporation organized and existing under the laws of the State of California with its principal place of business located at 170 West Tasman Drive, San Jose, California 95134.

3.     Plaintiff Motorola is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1303 East Algonquin Road, Schaumburg, Illinois 60196.

4.     On information and belief, Defendant Innovatio is a limited liability company organized under the laws of the State of Delaware that was formed in February 2011. Innovatio is in the business of enforcing and licensing patents.  Innovatio does not sell or offer for sale any products.

## JURISDICTION AND VENUE

5.     This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

6.     Venue is proper in this judicial district under 28 U.S.C. § 1391.

7.     On March 8, 2011, Innovatio filed suit in the Northern District of Illinois against ABP Corporation, Accor North America, Caribou Coffee Co., Inc., CBC Restaurant Corp., Cosi, Inc., Dominick's Supermarkets, Inc., Kimpton Hotel & Restaurant Group, LLC, LQ Management LLC, Meijer, Inc., and Panera Bread Company (collectively the "ABP Defendants") in an action styled *Innovatio v. ABP Corp. et al.*, Civil Action No. 1:11-cv-01638 ("the *ABP* action").   In the *ABP* action, Innovatio claims to own, and accuses the ABP Defendants of infringing and continuing to infringe, U.S. Patent Nos. 6,714,559, 7,386,002, 7,535,921, 7,548,553, 5,740,366, 5,940,771, 6,374,311, 7,457,646, 5,546,397, 5,844,893, 6,665,536, 6,697,415, 7,013,138, 7,710,907, 7,916,747, 7,873,343, and 7,536,167 (the "Patents-In-Suit") by, *inter alia*, "using one or more wireless local area network ('WLAN') products, systems and/or networks."

8.     In addition, Innovatio has accused numerous other entities of infringing the Patents-In-Suit in connection with their alleged use of WLAN and mesh networking equipment.   In particular, Innovatio has sent letters to numerous of Plaintiffs' customers ("Accused Customers") alleging that Innovatio owns "controlling patents in the area of WLAN (e.g., Wi-Fi) and mesh networking technologies" and that an Accused Customer infringes the Innovatio patents by operating "WLANs deployed in any manufacturing, distribution, retail, inventory management, warehousing, industrial monitoring or control, 'smart energy,' or corporate office environments" and that "claims of the Innovatio Patents cover, among other things, WLANs that use the IEEE 802.11 communication protocols."   Innovatio also has alleged that Accused Customers infringe by operating "WLANs at [their] retail locations, which networks provide [Accused Customer] customers and/or employees wireless network access."

9.     On information and belief, Innovatio granted Broadcom Corporation ("Broadcom") a license that includes rights to make, have made, use, sell, offer for sale or import products covered by the Patents-In-Suit.   To the extent Innovatio's allegations of infringement are premised on the alleged making, use, sale, offer for sale, or importation of Plaintiffs' products that incorporate Broadcom parts, such allegations are barred pursuant to such license and/or the doctrine of exhaustion.

10.     On information and belief, Broadcom granted Agere Systems ("Agere") a license that includes rights to make, have made, use, sell, offer for sale, or import products covered by the Patents-In-Suit.   To the extent Innovatio's allegations of infringement are premised on the alleged making, use, sale, offer for sale, or importation of Plaintiffs' products that incorporate Agere parts, such allegations are barred pursuant to such license and/or the doctrine of exhaustion.

11.     On information and belief, Broadcom granted STMicroelectronics a license that includes rights to make, have made, use, sell, offer for sale, or import products covered by the Patents-In-Suit.   To the extent Innovatio's allegations of infringement are premised on the alleged making, use, sale, offer for sale, or importation of Plaintiffs' products that incorporate STMicroelectronics parts, such allegations are barred pursuant to such license and/or the doctrine of exhaustion.

12.     On information and belief, Broadcom granted Qualcomm, Inc. ("Qualcomm") a license that includes rights to make, have made, use, sell, offer for sale, or import products covered by the Patents-In-Suit.   To the extent Innovatio's allegations of infringement are premised on the alleged making, use, sale, offer for sale, or importation of Plaintiffs' products that incorporate Qualcomm parts, such allegations are barred pursuant to such license and/or the doctrine of exhaustion.

13.     On information and belief, Broadcom granted Intermec Inc. ("Intermec") a license that includes rights to make, have made, use, sell, offer for sale, or import products covered by the Patents-In-Suit.   To the extent Innovatio's allegations of infringement are premised on the alleged making, use, sale, offer for sale, or importation of Plaintiffs' products that incorporate Intermec parts, such allegations are barred pursuant to such license and/or the doctrine of exhaustion.

14.     On information and belief, at least some of the products accused of infringement by Innovatio are licensed.

15.     Plaintiffs Cisco and Motorola manufacture and sell products that are the subject of the *ABP* action and the accusations against the Accused Customers referenced above.

4

Cisco and Motorola each supply or have supplied one or more ABP Defendants and/or Accused Customers with such products.

16.     Cisco and Motorola each have received demands from Accused Customers and ABP Defendants for indemnity against Innovatio's patent infringement claims.

17.     Cisco and Motorola and their products have not infringed and do not infringe, either directly or indirectly, any valid and enforceable claim of any of the Patents-in-Suit, either literally or under the doctrine of equivalents.   A substantial controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief.

18.     This Court has personal jurisdiction over Innovatio.

## THE PATENTS-IN-SUIT

19.     U.S. Patent No. 6,714,559 ("the '559 patent") is entitled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol" and bears an issuance date of March 30, 2004.  A copy of the '559 patent is attached hereto as <u>Exhibit 1.</u>

20.     U.S. Patent No. 7,386,002 ("the '002 patent") is entitled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol" and bears an issuance date of June 10, 2008.  A copy of the '002 patent is attached hereto as <u>Exhibit 2.</u>

21.     U.S. Patent No. 7,535,921 ("the '921 patent") is entitled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol" and bears an issuance date of May 19, 2009.  A copy of the '921 patent is attached hereto as <u>Exhibit 3.</u>

22.     U.S. Patent No. 7,548,553 ("the '553 patent") is entitled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol" and bears an issuance date of June 19, 2009.  A copy of the '553 patent is attached hereto as <u>Exhibit 4.</u>

23.     U.S. Patent No. 5,740,366 ("the '366 patent") is entitled "Communication Network Having A Plurality Of Bridging Nodes Which Transmit A Beacon To Terminal Nodes In Power Saving State That It Has Messages Awaiting Delivery" and bears an issuance date of April 14, 1998.  A copy of the '366 patent is attached hereto as Exhibit 5.

24.     U.S. Patent No. 5,940,771 ("the '771 patent") is entitled "Network Supporting Roaming, Sleeping Terminals" and bears an issuance date of August 17, 1999.  A copy of the '771 patent is attached hereto as Exhibit 6.

25.     U.S. Patent No. 6,374,311 ("the '311 patent") is entitled "Communication Network Having A Plurality Of Bridging Nodes Which Transmit A Beacon To Terminal Nodes In Power Saving State That It Has Messages Awaiting Delivery" and bears an issuance date of April 16, 2002.  A copy of the '311 patent is attached hereto as Exhibit 7.

26.     U.S. Patent No. 7,457,646 ("the '646 patent") is entitled "Radio Frequency Local Area Network" and bears an issuance date of November 25, 2008.  A copy of the '646 patent is attached hereto as Exhibit 8.

27.     U.S. Patent No. 5,546,397 ("the '397 patent") is entitled "High Reliability Access Point For Wireless Local Area Network" and bears an issuance date of August 13, 1996.  A copy of the '397 patent is attached hereto as Exhibit 9.

28.     U.S. Patent No. 5,844,893 ("the '893 patent") is entitled "System For Coupling Host Computer MeansWith Base Transceiver Units On A Local Area Network" and bears an issuance date of December 1, 1998.  A copy of the '893 patent is attached hereto as Exhibit 10.

29.     U.S. Patent No. 6,665,536 ("the '536 patent") is entitled "Local Area Network Having Multiple Channel Wireless Access" and bears an issuance date of December 16, 2003.  A copy of the '536 patent is attached hereto as <u>Exhibit 11.</u>

30.     U.S. Patent No. 6,697,415 ("the '415 patent") is entitled "Spread Spectrum Transceiver Module Utilizing Multiple Mode Transmission" and bears an issuance date of February 24, 2004.  A copy of the '415 patent is attached hereto as <u>Exhibit 12.</u>

31.     U.S. Patent No. 7,013,138 ("the '138 patent") is entitled "Local Area Network Having Multiple Channel Wireless Access" and bears an issuance date of March 14, 2006.  A copy of the '138 patent is attached hereto as <u>Exhibit 13.</u>

32.     U.S. Patent No. 7,710,907 ("the '907 patent") is entitled "Local Area Network Having Multiple Channel Wireless Access" and bears an issuance date of May 4, 2010.  A copy of the '907 patent is attached hereto as <u>Exhibit 14.</u>

33.     U.S. Patent No. 7,916,747 ("the '747 patent") is entitled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol" and bears an issuance date of March 29, 2011.  A copy of the '747 patent is attached hereto as <u>Exhibit 15.</u>

34.     U.S. Patent No. 7,873,343 ("the '343 patent") is entitled "Communication Network Terminal With Sleep Capability" and bears an issuance date of January 18, 2011.  A copy of the '343 patent is attached hereto as <u>Exhibit 16.</u>

35.     U.S. Patent No. 7,536,167 ("the '167 patent") is entitled "Network Supporting Roaming, Sleeping Terminals" and bears an issuance date of May 19, 2009.  A copy of the '167 patent is attached hereto as <u>Exhibit 17.</u>

## COUNT I - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,714,559

36.    Plaintiffs repeat and reallege the allegations in paragraphs 1-35 as though fully set forth herein.

37.    The accused mesh networking and WLAN products, networks and/or systems have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '559 patent, either literally or under the doctrine of equivalents.

38.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

39.    A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights regarding the '559 patent.

## COUNT II - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,714,559

40.    Plaintiffs repeat and reallege the allegations in paragraphs 1-39 as though fully set forth herein.

41.    The '559 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112.

42.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

43.    A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights with respect to the '559 patent.

## COUNT III –
## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,386,002

44.     Plaintiffs repeat and reallege the allegations in paragraphs 1-43 as though fully set forth herein.

45.     The accused mesh networking and WLAN products, networks and/or systems have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '002 patent, either literally or under the doctrine of equivalents.

46.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

47.     A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights regarding the '002 patent.

## COUNT IV - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,386,002

48.     Plaintiffs repeat and reallege the allegations in paragraphs 1-47 as though fully set forth herein.

49.     The '002 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112.

50.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

51.     A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights with respect to the '002 patent.

## COUNT V –
## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,535,921

52.     Plaintiffs repeat and reallege the allegations in paragraphs 1-51 as though fully set forth herein.

53.     The accused mesh networking and WLAN products, networks and/or systems have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '921 patent, either literally or under the doctrine of equivalents.

54.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

55.     A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights regarding the '921 patent.

## COUNT VI - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,535,921

56.     Plaintiffs repeat and reallege the allegations in paragraphs 1-55 as though fully set forth herein.

57.     The '921 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112.

58.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

59.     A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights with respect to the '921 patent.

**COUNT VII –**
**DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,548,553**

60.     Plaintiffs repeat and reallege the allegations in paragraphs 1-59 as though fully set forth herein.

61.     The accused mesh networking and WLAN products, networks and/or systems have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '553 patent, either literally or under the doctrine of equivalents.

62.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

63.     A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights regarding the '553 patent.

**COUNT VIII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,548,553**

64.     Plaintiffs repeat and reallege the allegations in paragraphs 1-63 as though fully set forth herein.

65.     The '553 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112.

66.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

67.     A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights with respect to the '553 patent.

## COUNT IX –
## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,740,366

68.     Plaintiffs repeat and reallege the allegations in paragraphs 1-67 as though fully set forth herein.

69.     The accused mesh networking and WLAN products, networks and/or systems have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '366 patent, either literally or under the doctrine of equivalents.

70.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

71.     A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights regarding the '366 patent.

## COUNT X - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,740,366

72.     Plaintiffs repeat and reallege the allegations in paragraphs 1-71 as though fully set forth herein.

73.     The '366 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112.

74.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

75.     A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights with respect to the '366 patent.

## COUNT XI –
## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,940,771

76.     Plaintiffs repeat and reallege the allegations in paragraphs 1-75 as though fully set forth herein.

77.     The accused mesh networking and WLAN products, networks and/or systems have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '771 patent, either literally or under the doctrine of equivalents.

78.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

79.     A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights regarding the '771 patent.

## COUNT XII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,940,771

80.     Plaintiffs repeat and reallege the allegations in paragraphs 1-79 as though fully set forth herein.

81.     The '771 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112.

82.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

83.     A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights with respect to the '771 patent.

**COUNT XIII –**
**DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,374,311**

84.     Plaintiffs repeat and reallege the allegations in paragraphs 1-83 as though fully set forth herein.

85.     The accused mesh networking and WLAN products, networks and/or systems have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '311 patent, either literally or under the doctrine of equivalents.

86.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

87.     A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights regarding the '311 patent.

**COUNT XIV - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,374,311**

88.     Plaintiffs repeat and reallege the allegations in paragraphs 1-87 as though fully set forth herein.

89.     The '311 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112.

90.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

91.     A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights with respect to the '311 patent.

## COUNT XV –
## <u>DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,457,646</u>

92.     Plaintiffs repeat and reallege the allegations in paragraphs 1-91 as though fully set forth herein.

93.     The accused mesh networking and WLAN products, networks and/or systems have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '646 patent, either literally or under the doctrine of equivalents.

94.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

95.     A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights regarding the '646 patent.

## <u>COUNT XVI - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,457,646</u>

96.     Plaintiffs repeat and reallege the allegations in paragraphs 1-95 as though fully set forth herein.

97.     The '646 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112.

98.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

99.     A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights with respect to the '646 patent.

**COUNT XVII –**
**DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,546,397**

100.     Plaintiffs repeat and reallege the allegations in paragraphs 1-99 as though fully set forth herein.

101.     The accused mesh networking and WLAN products, networks and/or systems have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '397 patent, either literally or under the doctrine of equivalents.

102.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

103.     A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights regarding the '397 patent.

**COUNT XVIII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,546,397**

104.     Plaintiffs repeat and reallege the allegations in paragraphs 1-103 as though fully set forth herein.

105.     The '397 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112.

106.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

107.     A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights with respect to the '397 patent.

## COUNT XIX –
## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,844,893

108.    Plaintiffs repeat and reallege the allegations in paragraphs 1-107 as though fully set forth herein.

109.    The accused mesh networking and WLAN products, networks and/or systems have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '893 patent, either literally or under the doctrine of equivalents.

110.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

111.    A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights regarding the '893 patent.

## COUNT XX - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,844,893

112.    Plaintiffs repeat and reallege the allegations in paragraphs 1-111 as though fully set forth herein.

113.    The '893 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112.

114.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

115.    A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights with respect to the '893 patent.

## COUNT XXI –
## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,665,536

116.     Plaintiffs repeat and reallege the allegations in paragraphs 1-115 as though fully set forth herein.

117.     The accused mesh networking and WLAN products, networks and/or systems have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '536 patent, either literally or under the doctrine of equivalents.

118.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

119.     A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights regarding the '536 patent.

## COUNT XXII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,665,536

120.     Plaintiffs repeat and reallege the allegations in paragraphs 1-119 as though fully set forth herein.

121.     The '536 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112.

122.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

123.     A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights with respect to the '536 patent.

## COUNT XXIII –
## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,697,415

124.    Plaintiffs repeat and reallege the allegations in paragraphs 1-123 as though fully set forth herein.

125.    The accused mesh networking and WLAN products, networks and/or systems have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '415 patent, either literally or under the doctrine of equivalents.

126.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

127.    A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights regarding the '415 patent.

## COUNT XXIV - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,697,415

128.    Plaintiffs repeat and reallege the allegations in paragraphs 1-127 as though fully set forth herein.

129.    The '415 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112.

130.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

131.    A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights with respect to the '415 patent.

**COUNT XXV –**
**DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,013,138**

132.    Plaintiffs repeat and reallege the allegations in paragraphs 1-131 as though fully set forth herein.

133.    The accused mesh networking and WLAN products, networks and/or systems have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '138 patent, either literally or under the doctrine of equivalents.

134.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

135.    A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights regarding the '138 patent.

**COUNT XXVI - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,013,138**

136.    Plaintiffs repeat and reallege the allegations in paragraphs 1-135 as though fully set forth herein.

137.    The '138 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112.

138.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

139.    A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights with respect to the '138 patent.

## COUNT XXVII –
## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,710,907

140.    Plaintiffs repeat and reallege the allegations in paragraphs 1-139 as though fully set forth herein.

141.    The accused mesh networking and WLAN products, networks and/or systems have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '907 patent, either literally or under the doctrine of equivalents.

142.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

143.    A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights regarding the '907 patent.

## COUNT XXVIII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,710,907

144.    Plaintiffs repeat and reallege the allegations in paragraphs 1-143 as though fully set forth herein.

145.    The '907 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112.

146.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

147.    A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights with respect to the '907 patent.

## COUNT XXIX –
## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,916,747

148.    Plaintiffs repeat and reallege the allegations in paragraphs 1-147 as though fully set forth herein.

149.    The accused mesh networking and WLAN products, networks and/or systems have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '747 patent, either literally or under the doctrine of equivalents.

150.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

151.    A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights regarding the '747 patent.

## COUNT XXX - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,916,747

152.    Plaintiffs repeat and reallege the allegations in paragraphs 1-151 as though fully set forth herein.

153.    The '747 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112.

154.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

155.    A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights with respect to the '747 patent.

## COUNT XXXI –
## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,873,343

156.     Plaintiffs repeat and reallege the allegations in paragraphs 1-155 as though fully set forth herein.

157.     The accused mesh networking and WLAN products, networks and/or systems have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '343 patent, either literally or under the doctrine of equivalents.

158.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

159.     A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights regarding the '343 patent.

## COUNT XXXII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,873,343

160.     Plaintiffs repeat and reallege the allegations in paragraphs 1-159 as though fully set forth herein.

161.     The '343 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112.

162.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

163.     A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights with respect to the '343 patent.

**COUNT XXXIII –**
**DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,536,167**

164.    Plaintiffs repeat and reallege the allegations in paragraphs 1-163 as though fully set forth herein.

165.    The accused mesh networking and WLAN products, networks and/or systems have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '167 patent, either literally or under the doctrine of equivalents.

166.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

167.    A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights regarding the '167 patent.

**COUNT XXXIV - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,536,167**

168.    Plaintiffs repeat and reallege the allegations in paragraphs 1-167 as though fully set forth herein.

169.    The '167 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112.

170.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

171.    A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights with respect to the '167 patent.

## COUNT XXXV - LICENSE

172.     Plaintiffs repeat and reallege the allegations in paragraphs 1-171 as though fully set forth herein.

173.     As set forth above, to the extent Innovatio's allegations of infringement are premised on the alleged making, use, sale, offer for sale, or importation of licensed products, such allegations are barred pursuant to such a license.

174.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

175.     A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights with respect to the Patents-In-Suit.

## COUNT XXXVI - EXHAUSTION

176.     Plaintiffs repeat and reallege the allegations in paragraphs 1-175 as though fully set forth herein.

177.     As set forth above, to the extent Innovatio's allegations of infringement are premised on the alleged making, use, sale, offer for sale, or importation of licensed products, such allegations are barred pursuant to the doctrine of exhaustion.

178.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

179.     A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights with respect to the Patents-In-Suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in favor of Plaintiffs granting the following relief:

A.    A declaration that the accused mesh networking and WLAN products, networks and/or systems have not infringed and do not infringe any valid and enforceable claim of any of the Patents-in-Suit;

B.    A declaration that the Patents-in-Suit are invalid for failure to meet the conditions of patentability and/or otherwise comply with the requirements of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and/or 112;

C.    A declaration that Innovatio's allegations of infringement are barred;

D.    An injunction against Innovatio and its officers, agents, servants, employees, attorneys, and others in active concert or participation with them from asserting infringement or instituting or continuing any legal action for infringement of the Patents-in-Suit against Plaintiffs or their suppliers, manufacturers, distributors, resellers of their products, customers or end users of their products;

E.    An order declaring that this is an exceptional case and awarding Plaintiffs their costs, expenses, disbursements and reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules and common law; and

F.    Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Rule 38.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the

District of Delaware, Plaintiffs respectfully demand a jury trial of all issues triable to a jury in this action.

MORRIS NICHOLS ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

_____

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19801
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Steven Cherny
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Adam Alper
KIRKLAND & ELLIS LLP
950 Page Mill Road
Palo Alto, CA  94304
(650) 859-7000

Gianni Cutri
Amanda Hollis
Jason Wejnert
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654
(312) 862-2000

May 13, 2011
4266115