## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CISCO SYSTEMS, INC. and MOTOROLA SOLUTIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> INNOVATIO IP VENTURES, LLC, <br><br> Defendant. | Civil Action No. 11-425 LPS |

## DECLARATION OF MATTHEW G. MCANDREWS IN SUPPORT OF DFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER <u>THE CASE TO ILLINOIS</u>

I, Matthew G. McAndrews, declare as follows:

1.      I am familiar with the facts set forth herein, and if called as a witness, I could testify competently to those facts under oath.

2.      Attached hereto as Exhibit A is a true and correct copy of Cisco's Opening Brief In Support Of Its Motion To Enjoin Defendant Synqor, Inc. From Prosecuting Its Second-Filed Texas Litigation, filed on January 31, 2011, Document No. 7, in *Cisco Systems, Inc. v. Synqor, Inc.*, Case No. 1:11-cv-00086-HB (D. Del. 2011) ("Cisco's Delaware Action").

3.      Attached hereto as Exhibit B is a true and correct copy of the Order entered on March 7, 2011, Document No. 57, in *Synqor, Inc. v. Ericsson, Inc. et*

*al.*, Case No. 2:11-cv-00054-TJW-CE (E.D. Tex. 2011), denying Cisco's Motion to Stay Pending A Ruling On Cisco's Injunction Motion In The District Of Delaware Case.

4.      Attached hereto as Exhibit C is a true and correct copy of the Memorandum entered by the Delaware Court on April 1, 2011, Document No. 25, granting Synqor's motion to transfer Cisco's Delaware Action to Texas.

5.      Attached hereto as Exhibit D is a true and correct copy of Cisco's Motion to Stay Pending A Ruling On Cisco's Injunction Motion In The First-Filed District Of Delaware Case, filed January 31, 2011, Document No. 7, in *Synqor, Inc. v. Ericsson, Inc. et al.*, Case No. 2:11-cv-00054 (E.D. Tex. 2011).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on August 4, 2011 in Chicago, Illinois.

_____
Matthew G. McAndrews

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-086-UNA |
| | ) | |
| SYNQOR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**CISCO'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO ENJOIN DEFENDANT
SYNQOR, INC. FROM PROSECUTING ITS SECOND-FILED TEXAS LITIGATION**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Ramy E. Hanna (#5494)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
rhanna@mnat.com

OF COUNSEL:

William F. Lee
Louis W. Tompros
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

*Attorneys for Plaintiff Cisco Systems, Inc.*

William G. McElwain
Rachel L. Weiner
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC  20006
(202) 663-6000

January 31, 2011

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...........................................................................................ii

NATURE AND STAGE OF PROCEEDINGS ...........................................................1

SUMMARY OF ARGUMENT ...................................................................................1

STATEMENT OF FACTS ...........................................................................................2

      A.    The Parties and the Patents ...........................................................2

      B.    The First-Filed Delaware Action ..................................................2

      C.    The Second-Filed Texas Action ...................................................3

ARGUMENT ...............................................................................................................4

    I.    THIS COURT HAS THE DUTY TO ENJOIN SYNQOR FROM PROSECUTING THE SECOND-FILED TEXAS ACTION ................................4

    II.   THERE ARE NO RARE OR EXTRAORDINARY CIRCUMSTANCES JUSTIFYING DEPARTURE FROM THE FIRST-FILED RULE ...........................................................................7

CONCLUSION .............................................................................................................9

TABLE OF AUTHORITIES

Page(s)

**CASES**

Bamdad Mechanic Co., Ltd. v. United Tech. Corp.,
   109 F.R.D. 128 (D. Del. 1985) ........................................................................................6

Centrix v. Kerr,
   C.A. No. 92-675 (JJF), *slip op.* (D. Del. 1993)..............................................................8

Corixa Corp. v. IDEC Pharm. Corp.,
   No. 01-615-GMS..............................................................................................................6

Cosden Oil & Chem. Co. v. Foster Grant Co., Inc.,
   432 F. Supp. 956 (D. Del. 1977), *aff'd w/o op.*, 577 F.2d 725 (3d Cir. 1978) ...............6

Crosley Corp. v. Hazeltine Corp.,
   122 F.2d 925 (3d Cir. 1941) .........................................................................................4-5

Crosley Corp. v. Westinghouse Elec. & Mfg. Co.,
   130 F.2d 474 (3d Cir. 1942) ............................................................................................5

EEOC v. University of Pennsylvania,
   850 F.2d 969 (3d Cir. 1988), *aff'd on other grounds*, 493 U.S. 182 (1990) ...............5-7

Exxon Chem. Patents, Inc. v. Lubrizol Corp.,
   935 F.2d 1263 (Fed. Cir. 1991).......................................................................................6

Genentech Inc. v. Eli Lilly & Co.,
   998 F.2d 931 (Fed. Cir. 1993).........................................................................................6

Kewanee Oil Co. v. M&T Chem., Inc.,
   315 F. Supp. 652 (D. Del. 1970)......................................................................................6

Matsushita Battery Indus. Co. v. Energy Conversion Devices,
   1996 U.S. Dist. LEXIS 8153 (D. Del. Apr. 23, 1996) .....................................................7

Rohm & Haas Co. v. Brotech Corp.,
   770 F. Supp. 928 (D. Del. 1991) ...................................................................................6-7

Smith v. McIver,
   22 U.S. (9 Wheat.) 532 (1824)..........................................................................................4

Sony Electronics, Inc. v. Orion IP, LLC,
   2006 U.S. Dist. LEXIS 9834 (D. Del.).............................................................................8

*Southern Construction Co. v. Pickard,*
  371 U.S. 57 (1962) ...................................................................................................7

*Triangle Conduit & Cable Co., Inc. v. National Electric Products Corp.,*
  125 F.2d 1008 (3d Cir. 1942)...................................................................................5


**RULES AND STATUTES**

Fed. R. Civ. P. 13(a)...............................................................................................3, 7

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff Cisco Systems, Inc. ("Cisco") filed this action against defendant SynQor, Inc. ("SynQor") on January 26, 2011, seeking a declaratory judgment that no valid claim of United States Patent No. 7,072,190 ("the '190 Patent"), United States Patent No. 7,269,034 ("the '034 Patent"), United States Patent No. 7,272,021 ("the '021 Patent"), United States Patent No. 7,558,083 ("the '083 Patent), and United States Patent No. 7,564,702 ("the '702 Patent") (collectively, "the Patents-in-Suit") is infringed by Cisco.

Two days later, on January 28, 2011, SynQor filed an action in the Eastern District of Texas, Case No. 2:11-CV-54 (the "Texas action"), accusing Cisco (and two other defendants) of infringing the same five patents that were already at issue here. A copy of the Complaint in this first-filed action is attached as Exhibit A (exhibits omitted) and a copy of the Complaint in the second-filed Texas action is attached as Exhibit B (exhibits omitted).

Cisco has filed a motion in this Court to enjoin SynQor from prosecuting the second-filed, duplicative Texas action against Cisco. This is Cisco's opening brief in support of that motion. Cisco is also moving the Texas court today to stay any proceedings against Cisco until this Court has resolved this motion.

## SUMMARY OF ARGUMENT

It is well-settled that this Court has a duty to enjoin a second-filed action between the same parties which raises the same issues, absent rare or extraordinary circumstances. There are no such circumstances here. This Court should enjoin SynQor from prosecuting the second-filed Texas action against Cisco.

## STATEMENT OF FACTS

### A.     The Parties and the Patents

Plaintiff Cisco is a California corporation with its principal place of business in San Jose, California.  Cisco provides networking solutions and services to, among others, global telecommunications providers, state and federal governmental entities, cable service operators, large and small commercial enterprises, and to consumers (D.I. 1, ¶ 7).

Defendant SynQor is a Delaware corporation with its principal place of business in Boxborough, Massachusetts.  SynQor is identified as the assignee of each of the Patents-in-Suit.  The Patents-in-Suit generally address designs for computer bus power converters.  The United States Patent and Trademark Office has granted requests for reexamination for all five of the Patents-in-Suit, finding that a substantial new question of patentability exists for each of these patents (D.I. 1, ¶¶ 13-17).

### B.     The First-Filed Delaware Action

More than 200 of Cisco's products include unregulated bus converters and semi-regulated bus converters supplied to Cisco by companies such as Artesyn Technologies, Inc., Astec America, Inc., Emerson Network Power, Inc., Emerson Electric Co., Bel Fuse Inc., Cherokee International Corp., Delta Electronics, Inc., Delta Products Corp., Murata Electronics North America, Inc., Murata Manufacturing Co., Inc., Power-One, Inc., Tyco Electronics Corp., Tyco Electronics Ltd., Tyco Electronics Power Systems, Inc., Lineage Power Corporation, Murata Power Solutions Inc., and Ericsson Inc. (D.I. 1, ¶ 7).

SynQor previously filed a lawsuit against a number of Cisco's suppliers of bus converters, captioned *SynQor, Inc. v. Artesyn Technologies, Inc., et al.*, Case No. 2:07-cv-00497-TJW-CE in the United States District Court for the Eastern District of Texas ("the *Artesyn*

- 2 -

lawsuit"). In the *Artesyn* lawsuit, SynQor claimed that certain bus converter offerings of Cisco's suppliers infringed the Patents-in-Suit. In particular, SynQor alleged that Cisco's suppliers were indirect infringers, and that Cisco and other customers of these suppliers were the direct infringers, of many of the claims of the Patents-in-Suit it asserted in that lawsuit. Portions of the *Artesyn* lawsuit currently are on appeal to the Federal Circuit. Cisco was not a party to that lawsuit (D.I. 1, ¶ 9).[1]

On January 20, 2011, SynQor alleged in the Texas court that Cisco was intending to infringe the Patents-in-Suit on an ongoing basis based on purchases of products from entities that were not defendants in the *Artesyn* lawsuit, including among others Ericsson Inc. ("Ericsson").

On January 26, 2011, Cisco filed this action against SynQor, seeking a declaratory judgment that the Patents-in-Suit are invalid and not infringed. Primarily at issue here are suppliers that are not defendants in the *Artesyn* lawsuit, such as Vicor and Ericsson, and whether Cisco can purchase products from those and other suppliers who were not defendants in the *Artesyn* lawsuit. In any event, Cisco was not a party to, and did not have an opportunity to litigate any infringement or validity issues in the *Artesyn* lawsuit.

C.    The Second-Filed Texas Action

Rather than asserting counterclaims in this case as required under Fed. R. Civ. P. 13(a), SynQor filed a new action in the Eastern District of Texas on January 28, 2011, captioned *SynQor, Inc. v. Ericsson, Inc., Cisco Systems, Inc., and Vicor Corporation*, Civil

---

[1]    Although not a party to the *Artesyn* action, Cisco has filed an emergency motion to intervene in the Federal Circuit for the purpose of seeking a stay of the injunction entered with respect to the products it purchases from suppliers that are defendants there.

Action No. 2:11-CV-54.  SynQor alleges in the second-filed action that Ericsson and Vicor make unregulated and/or semi-regulated bus converters for use in intermediate bus architecture power supply systems, and sell those bus converters to Cisco, which incorporates them into intermediate bus architecture power supply systems that allegedly infringe the same patents that are already at issue here.

Cisco, Ericsson and Vicor were not parties to the earlier *Artesyn* lawsuit, even though SynQor (by its own admission) has known about the Cisco, Ericsson and Vicor products for years (Ex. B., ¶ 21).  As with SynQor, both Ericsson and Vicor are Delaware corporations, and would be subject to jurisdiction here if SynQor were to assert its claims against them by way of counterclaims.

<u>ARGUMENT</u>

I.    THIS COURT HAS THE DUTY TO ENJOIN SYNQOR FROM
      <u>PROSECUTING THE SECOND-FILED TEXAS ACTION</u>

There is no basis for simultaneous conduct of the same lawsuit in two different courts.  It wastes the resources of the courts and the parties.  And it raises the specter of inconsistent judgments.  It is for these reasons that courts follow the "first-filed" rule, which provides that the first-filed action should proceed and the second-filed action should not.

The first-filed rule originated with the United States Supreme Court in *Smith v. McIver*, 22 U.S. (9 Wheat.) 532 (1824).  In *Smith*, Chief Justice Marshall ruled that "in all cases of concurrent jurisdiction, the court which first has possession of the subject must decide it." *Id.* at 535.  Seventy years ago, the Court of Appeals for the Third Circuit applied this principle to federal concurrent jurisdiction in *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925 (3d Cir. 1941).  The Third Circuit held that the district court had abused its discretion in refusing to enjoin a second-filed action, explaining that:

> It is of obvious importance to all the litigants to have a single determination of their controversy, rather than several decisions which if they conflict may require separate appeals to different circuit courts of appeals. No party has a vested right to have his cause tried by one judge rather than by another of equal jurisdiction. . . . The party who first brings a controversy into a court of competent jurisdiction for adjudication should, so far as our dual system permits, be free from the vexation of subsequent litigation over the same subject matter. The economic waste involved in duplicating litigation is obvious. Equally important is its adverse affect upon the prompt and efficient administration of justice. . . . Courts already heavily burdened with litigation with which they must of necessity deal should therefore not be called upon to duplicate each other's work in cases involving the same issues and the same parties.

*Id.* at 930. *See also Crosley Corp. v. Westinghouse Elec. & Mfg. Co.,* 130 F.2d 474, 475 (3d Cir. 1942) ("[T]he district court first obtaining jurisdiction of the parties and issues in a patent cause on a complaint seeking declaratory relief should ordinarily proceed to adjudicate the controversy and should restrain the parties from seeking in the interim in a later suit in another district to duplicate that adjudication.").

A year later, the Third Circuit further explained in *Triangle Conduit & Cable Co., Inc. v. National Electric Products Corp.,* 125 F.2d 1008 (3d Cir. 1942), that a district court has not only the power, but the duty, to enjoin a second-filed action under these circumstances:

> We further held [in *Crosley v. Hazeltine*] that under the circumstances of that case *it was the duty* of the Court first obtaining jurisdiction to enjoin the prosecution of the subsequent proceedings in the other court. As we have seen, in the present case the district court in Delaware first obtained jurisdiction of Triangle and National and of the controversy between them. Having taken jurisdiction of the declaratory suit brought by Triangle, *it became the duty of that court to adjudicate the controversy.* The rule which we announced in the *Crosley* case required it to restrain the parties from seeking to have the district court in Michigan duplicate that adjudication.

*Id.* at 1009 (*emphasis added*).

In *EEOC v. University of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988), *aff'd on other grounds*, 493 U.S. 182 (1990), the Third Circuit further elaborated on the first-filed rule, stating that "this policy of comity has served to counsel trial judges to exercise their discretion by enjoining the subsequent prosecution of similar cases in different federal district courts." *Id.* at 971 (*citations omitted*).

The Federal Circuit likewise has adopted the "first-filed" doctrine. *See Genentech Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) ("The general rule favors the forum of the first-filed action, whether or not it is a declaratory action."); *Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 935 F.2d 1263 (Fed. Cir. 1991) (affirming injunction by a Texas district court barring prosecution of second-filed action).

Following these authorities, this Court has repeatedly held that the first-filed action should proceed and the second-filed action should not. As the Court explained in *Corixa Corp. v. IDEC Pharm. Corp.*, No. 01-615-GMS, 2002 WL265094 at *1(D. Del. Feb. 25, 2002), "[w]here two patent lawsuits involving the same claims are filed in different jurisdictions, the Federal Circuit requires that the first-filed action be given preference absent special circumstances." Indeed, "[t]his doctrine applies equally well where the first-filed action is one for a declaratory judgment." *Id.*

A plaintiff in this Court is "entitled to be free from the 'vexation of subsequent litigation over the same subject matter' . . . and the courts are entitled to be free from the waste and inefficiency involved in duplicative litigation." *Cosden Oil & Chem. Co. v. Foster Grant Co., Inc.*, 432 F. Supp. 956, 960 (D. Del. 1977), *aff'd w/o op.,* 577 F.2d 725 (3d Cir. 1978) (*citations omitted*). Based on these considerations, this Court has enjoined numerous parties from prosecuting second-filed actions. *See, e.g., Rohm & Haas Co. v. Brotech Corp.*, 770 F.

Supp. 928 (D. Del. 1991); *Bamdad Mechanic Co., Ltd. v. United Tech. Corp.*, 109 F.R.D. 128

(D. Del. 1985); *Kewanee Oil Co. v. M&T Chem., Inc.*, 315 F. Supp. 652 (D. Del. 1970);

*Matsushita Battery Indus. Co. v. Energy Conversion Devices*, 1996 U.S. Dist. LEXIS 8153 (D.

Del. Apr. 23, 1996).

This Court has applied the first-filed doctrine even where the second-filed action

did not involve identical subject matter. For example, in the *Rohm & Haas* case, Judge Roth

enjoined a defendant in a first-filed patent action from prosecuting a second-filed antitrust and

RICO case. The reason was that the antitrust and RICO case related to the subject matter of the

patent case. 770 F. Supp. at 935.

This motion requires no such subtleties. There is no question that this Court has

jurisdiction over the parties in this case. SynQor is a Delaware corporation. There is also no

question that SynQor's second-filed Texas action involves the same subject matter as this first-

filed action. There is also no question that the Texas action involves compulsory counterclaims

that should have been filed in this action.[2] The first-filed doctrine is clearly applicable here and

the Court should enjoin SynQor from proceeding with its second-filed Texas action.

## II. THERE ARE NO RARE OR EXTRAORDINARY CIRCUMSTANCES JUSTIFYING DEPARTURE FROM THE FIRST-FILED RULE

Although departure from the first-filed rule may be warranted in "rare or

extraordinary circumstances," such as those involving "inequitable conduct, bad faith, or forum

---

[2]     As the Supreme Court explained, the requirement of Rule 13(a) that a party assert all
counterclaims arising out of the same transaction or occurrence "was designed to prevent
multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising
out of common matters." *Southern Construction Co. v. Pickard*, 371 U.S. 57, 60 (1962).

shopping" (*EEOC v. University of Pennsylvania,* 850 F.2d at 972), there are no such circumstances here.

Cisco had rational and legitimate reasons for filing suit in this district, and this is a logical and proper jurisdiction for the action to go forward. Indeed, SynQor is a Delaware corporation. Cisco was entitled to file suit in a forum where jurisdiction and venue would be indisputable. Delaware is such a forum. In addition, this Court has significant expertise in handling patent matters and has a record of getting patent cases to trial promptly and efficiently.

Moreover, the fact that the Patents-In-Suit were at issue in the *Artesyn* lawsuit in the Eastern District of Texas does not constitute "rare or extraordinary circumstances" justifying deviation from the first-filed rule. The *Artesyn* case involved different defendants and different accused bus converters. Cisco, Ericsson and Vicor were not parties to the *Artesyn* case. *See Sony Electronics, Inc. v. Orion IP, LLC*, 2006 U.S. Dist. LEXIS 9834 (D. Del.) (denying motion to transfer declaratory judgment action to Texas because plaintiffs were not parties to prior Texas action and the accused products in Delaware action were "different than the [products] accused in the Texas action"). And the dispute between Cisco (a California corporation headquartered in California) and SynQor (a Delaware corporation headquartered in Massachusetts) has no relationship to Texas.

Thus, any assertion that there would be significant judicial economies in having this case heard in Texas is speculative at best. The Texas court, like this Court, will have to learn about and familiarize itself with the Ericsson and Vicor bus converters as a matter of first impression and how those, and other bus converters not at issue in the *Artesyn* lawsuit, work in Cisco's products. Similarly, the Texas court, like this Court, will have to address different claim

construction issues in this case because there are different bus converters accused of infringement.

Indeed, in at least one case, Judge Farnan applied the first-filed rule to dismiss a second-filed action notwithstanding that he had presided over earlier litigation over one of the patents in suit. *See Centrix v. Kerr*, C.A. No. 92-675 (JJF), *slip op.* at 7 (D. Del. 1993) (Ex. C) ("Although the Court has presided over litigation involving the '756 patent, and has therefore acquired special knowledge with respect to that patent, the Court is not convinced that the possession of that knowledge justifies a departure from the first-filed rule in this case.").

Cisco's choice of forum should be upheld. SynQor never brought suit against Cisco in the *Artesyn* lawsuit and did not sue Cisco in any forum until after Cisco filed its declaratory judgment action in this Court, even though SynQor was well aware of Cisco's products while the *Artesyn* litigation was pending. Instead, SynQor waited until Cisco filed its Complaint here in this Court before filing suit against Cisco in Texas. There is no question this is the first-filed case between Cisco and SynQor concerning the Patents-in-Suit. SynQor should be enjoined from proceeding with the second-filed Texas action against Cisco

## CONCLUSION

For the foregoing reasons, Cisco requests that the Court enjoin SynQor from prosecuting the second-filed, duplicative Texas action against Cisco.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

_____

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Ramy E. Hanna (#5494)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
rhanna@mnat.com
   *Attorneys for Plaintiff Cisco Systems, Inc.*

OF COUNSEL:

William F. Lee
Louis W. Tompros
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

William G. McElwain
Rachel L. Weiner
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC  20006
(202) 663-6000

January 31, 2011

## <u>CERTIFICATE OF SERVICE</u>

I certify that I caused copies of the foregoing document to be served on

January 31, 2011, upon the following in the manner indicated:

SynQor, Inc.                                                              *VIA HAND DELIVERY*
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, DE  19801

Michael D. Hatcher, Esquire                                 *VIA ELECTRONIC MAIL*
David T. DeZern, Esquire
SIDLEY AUSTIN LLP
717 Harwood, Suite 3400
Dallas, TX  75201

/s/ Rodger D. Smith II
_____
Rodger D. Smith II (#3778)

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

SYNQOR, INC,                            §
                                        §
v.                                      §    CASE NO: 2:11-cv-54-TJW-CE
                                        §
ERICSSON, INC.,                         §
CISCO SYSTEMS, INC., AND                §
VICOR CORPORATION,                      §

## ORDER

Before the Court is Defendant Cisco Systems, Inc.'s ("Cisco") Motion to Stay Pending a

Ruling on Cisco's Injunction Motion in the District of Delaware Case (Dkt. No. 7). The Court

has carefully considered the parties' submissions, the record, and the applicable law. For the

following reasons, the Motion is DENIED.

## I.    BACKGROUND

On January 26, 2011, Cisco sued SynQor, Inc. ("SynQor") in the District of Delaware for

a declaratory judgment that Cisco does not infringe any valid claim of United States Patent No.

7,072,190 ("the '190 Patent"), United States Patent No. 7,269,034 ("the '034 Patent"), United

States Patent No. 7,272,021 ("the '021 Patent"), United States Patent No. 7,558,083 ("the '083

Patent), and United States Patent No. 7,564,702 ("the '702 Patent"), all of which are assigned to

SynQor. *Cisco Systems, Inc. v. SynQor, Inc.*, Civil Action No. 1:11-cv-086-HB (Dkt. No.

1)("the Delaware case"). Cisco contends that a ripe and justiciable controversy exists between

the parties based on statements made during the January 20, 2011 Permanent Injunction Hearing

in the case of *SynQor, Inc. v. Artesyn Technologies, Inc. et al*, Civil Action 2:07-cv-497-TJW

("*SynQor I*"). *Id.* at 4. The same five patents-at-issue in Cisco's Delaware declaratory complaint

1

were first asserted in this Court in *SynQor I*, which was filed on November 13, 2007, well before

the Delaware case.  On January 28, 2011, two days after Cisco filed the Delaware case, SynQor

filed this case ("*SynQor II*").  A motion to enjoin SynQor from pursuing this action is currently

pending in the Delaware case and Cisco moves this Court to stay this case until the Delaware

court rules on that motion.

## II.    LEGAL STANDARD

In determining the appropriate court to select the forum, the Fifth Circuit "adheres to the

general rule that the court in which an action is first filed is the appropriate court to determine

whether subsequently filed cases involving substantially similar issues should proceed." *Save*

*Power Ltd. v. Syntek Fin. Corp*., 121 F.3d 947, 950 (5th Cir. 1997).  Similarly, the Federal

Circuit has recognized that when two parties file competing declaratory judgment and patent

infringement actions in different jurisdictions, the district court presiding over the first-filed

action should decide the forum.  *Micron Technology, Inc. v. Mosaid Technologies, Inc.*, 518 F.3d

897, 904 (Fed. Cir. 2008) (holding that typically the court of the first-filed action "will have to

decide whether to keep the case or decline to hear it in favor of the other forum").  Courts in the

this district have also directly addressed the issue, holding that "the first-to-file rule gives the

first filed court the responsibility to determine which case should proceed." *Texas Instr., Inc. v.*

*Micron Semiconductor, Inc.*, 815 F. Supp. 994, 999 (E.D. Tex. 1993).  Thus, the second-filed

court defers to the first-filed court as a matter of comity and conservation of judicial resources.

*Id*.  Likewise, the Third Circuit also follows the first-to-file rule.  *Crosley Corp. v. Hazeltine*

*Corp.*, 122 F.2d 925, 929-930 (3d Cir. 1941) ("In all cases of concurrent jurisdiction, the court

which first has possession of the subject must decide it.") (quoting *Smith v. McIver*, 22 U.S. 532,

535 (1824)). Thus, the relevant circuit courts and district courts generally agree that "the forum of the first-filed case is favored, unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 937-938 (Fed. Cir. 1993) (overruled on other grounds by *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)).

## III.   ANALYSIS

The dispute here does not turn on a difference in circuit precedents, but instead on a flawed application of the uniform law to the facts of this case. Specifically, Cisco's analysis is based on the faulty premise that the Delaware case is the first-filed case. Any reasonable application of the law to the facts of this case would conclude that this Court is the first-filed court because it was the first to have "possession of the subject of the dispute" when the same five patents-at-issue in Cisco's Delaware declaratory complaint were first asserted in this Court in *SynQor I. Schering Corp. v. Amgen Inc.,* 969 F. Supp. 258, 267 (D. Del. 1997) ("The first-filed rule turns on which court first obtains possession of the subject of the dispute, not the parties of the dispute."). In *SynQor I*, this Court invested substantial judicial resources to address a number of substantive issues that are common to this case and the Delaware declaratory complaint. Specifically, this Court has construed a number of disputed claim terms in these patents and issued a 58-page opinion discussing those terms. (*SynQor I*, Dkt. No. 474.) This Court has also reviewed eleven summary judgment motions relating to the issues of infringement, validity, and willfulness for these same five patents. (*SynQor I*, Dkt. Nos. 432, 524, 539, 540, 541, 544, 549, 550, 554, 555, 557.) This Court presided over a trial lasting seven days and a permanent injunction hearing lasting two days. Finally, this Court will consider and

rule on several motions for judgment as a matter of law relating to validity and infringement of these same five patents. Without question, there is "substantial overlap" between the substantive issues in the first-filed case, *SynQor I,* and the second-filed declaratory judgment in Delaware. *Save Power*, 121 F.3d at 950 (stating that the crucial inquiry in applying the "first to file" rule is one of substantial overlap on the substantive issues, not the identities of the parties.) Simply stated, Cisco's premise that this is the second-filed venue is simply incorrect and is not supported by the case law.

In addition to adhering to the first-to-file rule, judicial economy and the effective disposition of disputes requires that the matter should proceed in this Court. *Genentech*, 998 F.2d at 937-938. As stated by the Fifth Circuit in *Save Power*:

> The "first to file" rule is grounded in principles of comity and sound judicial administration. "The federal courts long have recognized that the principle of comity requires federal district courts -- courts of coordinate jurisdiction and equal rank -- to exercise care to avoid interference with each other's affairs." "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."

*Save Power*, 121 F.3d at 950 (internal citations omitted). This Court has already invested extensive judicial resources on this matter. This Court is familiar with the five patents, with the industry in which the technology is used, and with Cisco's products. It would be a waste of judicial resources and an ineffective disposition of the dispute to require the Delaware court to duplicate the substantial efforts of this Court.

Finally, Cisco's analysis of the factors to stay this case is hollow. As previously noted by this Court, Cisco "made the conscious effort to align itself with Defendants" in the first-filed case of *SynQor I.* (*SynQor I*, Dkt. No. 931 at 16.) In fact, the defendants in *SynQor I* asked this

Court to carve out an exception for Cisco and stay the permanent injunction on terms that were only favorable to Cisco and the defendants. *Id.* at 18 ("[N]either Cisco nor Defendants are in the position to tell the patent owner what terms it must accept in order to license its intellectual property."). Moreover, Cisco filed a motion to intervene in the defendants' appeal of the Permanent Injunction to the Federal Circuit. As stated by the Federal Circuit in denying Cisco's motion, "Cisco was aware that this action was pending and was aware of its interest in the matter but made no effort to intervene in the trial court." *SynQor, Inc. v. Artesyn Technologies, Inc. et al*, No. 2011-1191, -1192, -1193, -1194, slip op. at 3 (Fed. Cir. Mar. 3, 2011). Thus, it was Cisco that delayed by not intervening in the first-filed suit, *SynQor I*, and is now attempting to delay these proceedings in hopes of gaining a clear tactical advantage.

## IV. CONCLUSION

For the aforementioned reasons, Cisco's Motion to Stay Pending a Ruling on Cisco's Injunction Motion in the District of Delaware Case is DENIED.

IT IS SO ORDERED.

SIGNED this 7th day of March, 2011.

T. JOHN WARD
UNITED STATES DISTRICT JUDGE

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CISCO SYSTEMS, INC.            :        CIVIL ACTION
                              :
        v.                    :
                              :
SYNQOR, INC.                  :        NO. 11-86


MEMORANDUM

Bartle, C.J.                                    April 1, 2011


        Cisco Systems, Inc. ("Cisco") filed this declaratory
judgment action against SynQor, Inc. ("SynQor") in which it seeks
a declaration that Cisco's products do not infringe any valid
claim of five United States patents assigned to SynQor.  Before
the court is Cisco's motion to enjoin SynQor from prosecuting a
patent infringement suit that SynQor filed in the United States
District Court for the Eastern District of Texas.  Also before
the court is SynQor's motion to dismiss Cisco's complaint, or in
the alternative, to transfer this case to the Eastern District of
Texas or to stay it.

                              I.

        In 2007, SynQor filed a patent infringement action in
the Eastern District of Texas against eleven defendants that
supply unregulated and semi-regulated bus converters to Cisco.
SynQor, Inc. v. Artesyn Tech., Inc., Case No. 2:07-497 (E.D.
Tex.) ("SynQor I").  SynQor alleged, and a jury ultimately found,
that the defendants in SynQor I indirectly infringed five patents

assigned to SynQor: U.S. Patent Nos. 7,072,190; 7,269,034;
7,272,021; 7,558,083; and 7,564,702.

While presiding over SynQor I, Judge T. John Ward
entered a 58-page Markman Memorandum Opinion and Order, decided
eleven summary judgment motions, presided over a seven-day trial
and a two-day permanent injunction hearing, and issued a twenty-
page injunction order.  In his order granting SynQor a permanent
injunction against the SynQor I defendants, Judge Ward declined
to grant a request from the defendants that the injunction's
effective date be delayed so that Cisco could find an alternate
supplier.[1]  SynQor I, Case No. 07-497, slip op. at 15-16 (E.D.
Tex. Jan. 24, 2011).  While Cisco was not a party in SynQor I, it
executed a joint defense agreement with the defendants and Cisco
representatives testified for the defendants during trial and at
the permanent injunction hearing.  Judge Ward noted that "the
evidence reflects that Cisco made the conscious effort to align
itself with Defendants" and that Cisco did not redirect any sales
to SynQor during the 18 months of litigation.   Id.

Cisco moved the Court of Appeals for the Federal
Circuit to be allowed to intervene in an interlocutory appeal of
the injunction order and sought a stay of the injunction during
the appeal.  The Court of Appeals denied both motions because
"Cisco was aware that this action was pending and was aware of

---

1.  Judge Ward subsequently entered two stays of the permanent
injunction to allow the Court of Appeals for the Federal Circuit
to consider the defendants' motion to stay the injunction order
during the interlocutory appeal.

its interest in the matter but made no effort to intervene in the
trial court. SynQor, Inc. v. Artesyn Techs., Inc., Case No.
2011-1191, -1192, -1193, -1194, slip op. at 3 (Fed. Cir. Mar. 3,
2011).

Two days after the entry of the injunction order in
SynQor I, Cisco filed this action in which it asked the court to
declare that its products do not infringe the same five patents
at issue in SynQor I. Two days later, SynQor filed suit in the
Eastern District of Texas against Cisco, Ericsson, Inc., and
Vicor Corp. alleging that the products of these companies
infringe the five patents at issue here and in SynQor I. SynQor
Inc. v. Ericsson, Inc., Case No. 2:11-54 (E.D. Tex.) ("SynQor
II"). SynQor II has also been assigned to Judge Ward.

Cisco promptly moved this court to enjoin SynQor from
prosecuting SynQor II. Cisco simultaneously filed a motion in
SynQor II asking Judge Ward to stay SynQor II while this court
resolves Cisco's injunction motion. SynQor later moved this
court to dismiss this case, or alternatively to either transfer
the case to the Eastern District of Texas or to stay this case
while SynQor II is litigated.

On March 7, 2011, Judge Ward issued an order in SynQor
II denying Cisco's motion for a stay. SynQor II, Case No. 2:11-
54, slip op. at 3-5 (E.D. Tex. Mar. 7, 2011).

II.

Cisco argues that because this action was filed before
SynQor II, this court "has a duty to enjoin" SynQor from

-3-

prosecuting its later-filed infringement suit in the Eastern
District of Texas concerning substantially the same subject
matter.  Cisco asserts that under the "first-filed" doctrine, the
court first having possession of a controversy is the forum in
which the dispute must be adjudicated.

    In deciding whether to enjoin a co-pending infringement
or declaratory judgment action, we apply the precedent from the
Court of Appeals for the Federal Circuit.  Lab. Corp. of Am.
Holdings v. Chiron Corp., 384 F.3d 1326, 1329-31 (Fed. Cir.
2004).  Whether the second-filed action should be enjoined is
entrusted to the court's discretion after considering the
convenience factors under 28 U.S.C. § 1404(a).  Id. at 1331-32;
Micron Tech., Inc. v. Mosaid Tech., Inc., 518 F.3d 897, 904 (Fed.
Cir. 2008).  As the Federal Circuit explained:  "Instead of
relying solely on considerations such as tenuousness of
jurisdiction, broadness of case, and degree of vestment, ... or
automatically going with the first filed action, the more
appropriate analysis takes account of the convenience factors
under 28 U.S.C. § 1404(a)."  Micron Tech., 518 F.3d at 904.[2]
Section 1404(a) provides, "For the convenience of parties and
witnesses, in the interest of justice, a district court may

---

2.  The court in Micron Technologies was describing the
circumstances under which a district court should decline to
exercise jurisdiction under the Declaratory Judgment Act in favor
of a co-pending infringement suit in another district.  Given the
scope of the court's discussion, however, this is a distinction
without a difference.

transfer any civil action to any other district or division where it might have been brought."

The Court of Appeals acknowledges that in applying § 1404(a), "the general rule favors the forum of the first-filed action," but that the district courts may "make exceptions to this general rule in the interest of justice or expediency."  Id. In our § 1404(a) analysis, "The convenience and availability of witnesses, absence of jurisdiction over all necessary or desirable parties, possibility of consolidation with related litigation, or considerations relating to the interest of justice must be evaluated to ensure the case receives attention in the most appropriate forum."  Id. 904-05.  It is also clear that the court may consider "judicial efficiencies" as a factor in its analysis.  In re Vistaprint Ltd., 628 F.3d 1342, 1346-47 (Fed. Cir. 2010).

We begin by noting that Judge Ward has invested considerable time and effort in understanding and construing the same five patents at issue in SynQor I, in SynQor II, and in this case.  In fact, Judge Ward stated in his March 7 order that he "is familiar with the five patents, with the industry in which the technology is used, and with Cisco's products.  It would be a waste of judicial resources and an ineffective disposition of the dispute to require the Delaware court to duplicate the substantial efforts of this Court."

Cisco argues that the United States District Court for the District of Delaware has "significant expertise in handling

-5-

patent matters." We agree. Nonetheless, Judge Ward possesses far greater expertise with respect to the patents at issue than does any judge in this court. He has devoted countless hours to SynQor I which involves the identical patents and in which he has decided numerous motions and indeed presided over a trial. He is even familiar with Cisco's products. As he aptly commented, it would be an inefficient use of judicial resources not to have this case before him. While Cisco in its briefs asserts that Judge Ward will retire this year, we have no information that he will not in the meantime handle this matter expeditiously. From our limited knowledge of SynQor I, it appears that Judge Ward does not countenance undue delay. We do not see any future retirement on the part of the judge as a compelling factor against transfer.

Cisco has not demonstrated that any potential witness resides in Delaware. On the other hand, Ericsson, Inc., a defendant in SynQor II, does have its headquarters in the Eastern District of Texas. The availability of witnesses weighs slightly in favor of transferring this case.

While this court is able to assert personal jurisdiction over both Cisco and SynQor, the Eastern District of Texas also appears to have jurisdiction over the parties to SynQor II and this case. In addition, there is nothing to indicate that either court will be unable to obtain jurisdiction over a necessary or desirable party. Concerns over jurisdiction do not affect our analysis.

-6-

The parties have not presented any other
"considerations relating to the interest of justice."  <u>See</u> <u>Micron</u>
<u>Tech.</u>, 518 F.3d at 904-05.  Thus, under 28 U.S.C. § 1404(a), the
court finds that the relevant factors point in favor of
transferring this case to the Eastern District of Texas.

Accordingly, we will grant the motion of SynQor to
transfer this action to the United States District Court for the
Eastern District of Texas.  The remaining motions are better
decided by the transferee court.

# Exhibit D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| SYNQOR, INC. | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CASE NO: 2:11-cv-54 |
| | § | |
| ERICSSON, INC., | § | |
| CISCO SYSTEMS, INC., AND | § | |
| VICOR CORPORATION, | § | |
|     Defendants. | § | |
| | § | |
| | § | |
| | § | |

## CISCO'S MOTION TO STAY PENDING A RULING ON CISCO'S INJUNCTION MOTION IN THE FIRST-FILED DISTRICT OF DELAWARE CASE

Cisco Systems, Inc. ("Cisco") hereby moves this Court for a stay in the proceedings in this case, with respect to Cisco, pending resolution in the district court for the District of Delaware of Cisco's Motion to Enjoin SynQor, Inc. ("SynQor") from Pursuing Later-Filed Litigation. This Court is the second-filed venue with respect to the dispute between Cisco and SynQor, and comity provides that this Court allow the first filed jurisdiction to decide the issue of where the case between Cisco and SynQor should proceed.[1]

---

[1] This motion seeks to stay this action pending the Delaware court's ruling on Cisco's motion to enjoin SynQor from pursuing this action. However, the pendency of the Federal Circuit appeal, *SynQor, Inc. v. Artesyn Technologies, Inc.*, et al., Civil Action No. 2:07-CV-497 and reexamination proceedings affecting all of the patents-in-suit also counsel in favor of a stay, given the serious challenges to patent validity raised in those proceedings. SynQor's suggestion in its complaint that a preliminary injunction is warranted is particularly ill-founded in light of the serious doubt about the validity of its patents, the pending Federal Circuit appeal, and because SynQor deliberately waited to sue Cisco (by its own admission) for months, if not years, after knowing about Cisco's products.

# FACTUAL BACKGROUND

## A.    The First-Filed Delaware Action.

On January 20, 2011, during a hearing regarding a potential injunction against suppliers of bus converters to Cisco, SynQor announced that it believed Cisco infringed SynQor's patents through use of bus converters provided by Ericsson, Inc. ("Ericsson") and Vicor Corporation ("Vicor."). Less than one week later, on January 26, 2011, Cisco sued SynQor in SynQor's home forum, the District of Delaware, for a declaratory judgment that Cisco does not infringe any valid claim of SynQor's patents. *See, e.g.,* Civil Action No. 11-086 (the "Delaware Complaint," attached as Exhibit A) ¶¶ 19-48. The Delaware action addresses claims and issues that have not yet been addressed by any court.

## B.    The Later-Filed Texas Action.

SynQor argued during the January 20, 2011 injunction hearing that it had been contending for many months that Cisco's use of Ericsson's bus converters infringed its patents (during its trial against several other Cisco suppliers and other entities). Nevertheless, SynQor deliberately chose not to sue Cisco for patent infringement. Then, on January 28, 2011, two days after Cisco filed its Delaware case, SynQor retaliated by filing this case (the "Later-Filed Texas Action"). *See, e.g.,* Civil Action No. 2:11-cv-54 (the "Texas Complaint," attached as Exhibit B). The Later-Filed Texas Action involves the same products and patents with respect to Cisco and SynQor as the first-filed Delaware action. Thus SynQor's claims of infringement of SynQor's patents were required to have been brought as counterclaims in the Delaware action. Fed. R. Civ. P. 13(a); *Vivid Techs., Inc. v. Am. Sci. & Eng'g Inc.*, 200 F.3d 795, 802 (Fed. Cir. 1999).

In addition to naming Cisco as a defendant, the Texas Complaint also alleges that Ericsson and Vicor infringe the SynQor patents. None of the defendants in the Later-Filed Texas

Action have had any previous opportunity to contest SynQor's patent claims on the merits, and

products at issue in this Later-Filed Texas Action have not been addressed by this court.

**C.      The 2007 Artesyn Lawsuit Involved Different Defendants, Products, and Issues.**

In 2007, SynQor filed a lawsuit against a number of Cisco's suppliers and other entities,

captioned *SynQor, Inc. v. Artesyn Technologies, Inc.*, et al., Civil Action No. 2:07-CV-497 (the

"Artesyn Lawsuit").  That lawsuit proceeded to jury verdict in this judicial district before the

Honorable  T.  John  Ward,  and  the  defendants  in  that  suit  will  be  addressing  SynQor's

infringement claims on appeal to the Federal Circuit.[2]  While the same SynQor patents also were

asserted in the *Artesyn* Lawsuit, that case involved different defendants and products.  Because

the Later-Filed Texas Action involves different products with different designs, it will present

new factual and legal issues, including new claim construction issues, that were not previously

addressed in the *Artesyn* Lawsuit.

**D.      Cisco's Motion to Enjoin SynQor from Pursuing the Later-Filed Texas Action.**

Earlier  today,  Cisco  filed  a  motion  in  the  Delaware  Action  to  enjoin  SynQor's

prosecution of the Later-Filed Texas Action against Cisco.  Cisco now respectfully requests this

Court  to  stay  the  Later-Filed  Texas  Action  until  the  Delaware  court  has  the  opportunity  to

resolve that pending motion.

<u>**LEGAL STANDARD**</u>

A court may stay proceedings as part of its inherent power "to control the disposition of

the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

*Landis  v.  N.  Am.  Co.*,  299  U.S.  248,  254  (1936).  "How  this  can  best  be  done  calls  for  the

---

[2] The defendants in the *Artesyn* case already have filed an appeal to the Federal Circuit regarding the limited issue of the scope of an injunction entered against their converters.  Today Cisco filed an Emergency Motion to Intervene in that narrow appeal for the limited purpose of seeking a stay of the injunction order in light of the harm to Cisco and its customers.

exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. at 254-55.

**A.      The First-To-File Rule Gives the First-Filed Court the Responsibility To Determine Which Case Should Proceed.**

In patent cases, it is a well-established "general rule" that "the forum of the first-filed case is favored." *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 937-938 (Fed. Cir. 1993) (overruled on other grounds by *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)).  In determining the appropriate court to select the forum, the Fifth Circuit "adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).  Similarly, the Federal Circuit has recognized that when two parties file competing declaratory judgment and patent infringement actions in different jurisdictions, the district court presiding over the first-filed action should decide the forum.  *Micron Technology, Inc. v. Mosaid Technologies, Inc.*, 518 F.3d 897, 903-04 (Fed. Cir. 2008) (holding that the court of the first-filed declaratory judgment action "will have to decide whether to keep the case or decline to hear it in favor of the other forum").  The Eastern District of Texas also has directly addressed the issue, holding that "the first-to-file rule gives the first-filed court the responsibility to determine which case should proceed." *Texas Instr., Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 999 (E.D. Tex. 1993).  Thus, the second-filed court defers to the first-filed court as a matter of comity and conservation of judicial resources. *Id*.

**B.      Factors When Deciding Whether To Stay Litigation Pending Resolution Of Key Issues In Another Tribunal.**

In patent cases, courts in the Eastern District of Texas consider three factors when deciding whether to stay litigation pending resolution of key issues in another tribunal, such as

the Patent Office: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question in the case; and (3) whether discovery is complete and whether a trial date has been set.  *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005).

## ARGUMENT

**A.    The First-To-File Rule Gives The District Of Delaware The Responsibility To Determine Which Case Should Proceed and Comity Requires this Court to Allow the First-Filed Court to Make that Determination.**

The first-filed complaint in Delaware involves the same patents, the same parties, and the same products as this Later-Filed Texas Action.  The legal claims in the Texas Complaint are duplicative of the claims raised in the earlier-filed Delaware Complaint.  Earlier today, Cisco filed a motion in Delaware to enjoin SynQor's prosecution of this Later-Filed Texas Action, and under well-settled controlling precedent in that jurisdiction, the Delaware court has not only the power, but the duty to enjoin SynQor's prosecution of the Later-Filed Texas Action.  *Triangle Conduit & Cable Co.. Inc. v. National Electric Products Corp*., 125 F.2d 1008, 1009 (3d Cir.), *cert. denied*, 316 U.S. 676 (1942).

Under this Court's own precedent, this Court is obligated to defer to the Delaware court's decision on that issue, as a matter of comity and conservation of judicial resources.  *Texas Instr.*, 815 F. Supp. at 999; *see also, Sanofi-Aventis Deutschland v. Novo Nordisk, Inc.*, 614 F. Supp. 2d 772 (E.D. Tex. 2009) (staying the second-filed action in favor of initial rulings in first-filed action).  Moreover, the factors traditionally considered in granting a stay of one action in favor of proceedings in another venue all favor a stay in this case.  *Soverain Software*, 356 F. Supp. 2d at 662.

**B.      Traditional Stay Factors Support a Stay.**

When determining whether to stay a case pending a decision by another tribunal, this Court traditionally has examined the following three factors:  (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question in the case; and (3) whether discovery is complete and whether a trial date has been set.  *Id*.  All of these factors support a stay while the District of Delaware determines Cisco's pending motion.

**1.  Staying this Case will not Unduly Prejudice or Present a Clear Tactical Disadvantage to SynQor.**

SynQor has delayed bringing this action for months if not years, and waiting for the Delaware court to rule on whether it will enjoin SynQor from prosecuting the Later-Filed Texas Action will not add any significant delay compared to the time that SynQor deliberately waited before bringing this case.  If delay presents a clear tactical disadvantage to SynQor, that is a delay that SynQor has chosen to introduce into the process.  This factor thus weighs in favor of stay.

**2. Staying this Case will Simplify Issues.**

In conjunction with the briefing on file in Delaware, the Delaware court will decide whether to proceed with the first-filed action.  Its ruling on that issue will greatly simplify issues in this case.  It will resolve whether SynQor's claims against Cisco can go forward in this case, or whether they must go forward as compulsory counterclaims in the first-filed action. Regardless of which way the Delaware court rules, it will simplify the issues before this Court. Because the ruling in Delaware will necessarily simplify issues in this case, this factor thus weighs in favor of stay.

**3. Staying This Case will not Impact Discovery Deadlines or the Trial Date.**

This case was filed just days ago, and the Court has yet to even have a case management conference. There is no schedule, no discovery deadline, and no trial date. Because a stay does not require the Court to modify the case schedule or continue a trial date, this factor also weighs in favor of staying this proceeding.

## CONCLUSION

For the foregoing reasons, Cisco respectfully requests the Court to stay this action against Cisco pending resolution of the motion to enjoin SynQor pending in the United States District Court for the District of Delaware.

Dated: January 31, 2011

Respectfully submitted,

By: /s/  *Douglas M. Kubehl*

    Douglas M. Kubehl
      Texas Bar No. 00796909
      Email: doug.kubehl@bakerbotts.com
    Kurt M. Pankratz
      Texas Bar No. 24013291
      Email: kurt.pankratz@bakerbotts.com
    **BAKER BOTTS, L.L.P.**
    2001 Ross Avenue
    Dallas, Texas 75201
    Telephone:  (214) 953-6500
    Facsimile:  (214) 953-6503

    **ATTORNEYS FOR DEFENDANT CISCO SYSTEMS, INC.**

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule CV-7(h), counsel for Defendant Cisco Systems, Inc., Douglas M. Kubehl, spoke with counsel for Plaintiff, Thomas D. Rein, regarding the relief requested herein. Plaintiff opposes this motion.

/s/ *Douglas M. Kubehl*
Douglas M. Kubehl

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 31st day of January, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

/s/ *Douglas M. Kubehl*
Douglas M. Kubehl