

Kenneth L. Dorsney
302.888.6855
kdorsney@morrisjames.com

November 17, 2011

**VIA ELECTRONIC FILING
AND HAND DELIVERY**
The Honorable Leonard P. Stark
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE 19801

      Re:   *Cisco Systems, Inc. et al. v. Innovatio IP Ventures LLC*
             C.A. No. 11-425 (LPS

Your Honor:

     As the Court is aware, we represent Defendant Innovatio IP Ventures LLC in the above referenced action. Please find enclosed a letter from my co-counsel, Matthew G. McAndrews at Niro, Haller & Niro.

                                Respectfully,

                                */s/ Kenneth L. Dorsney*

                                Kenneth L. Dorsney (I.D. #3726)
                                *kdorsney@morrisjames.com*

KLD/tah

# NIRO, HALLER & NIRO

RAYMOND P. NIRO
TIMOTHY J. HALLER
WILLIAM L. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE, JR.
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE
DAVID J. SHEIKH
VASILIOS D. DOSSAS
RICHARD B. MEGLEY, JR.
MATTHEW G. McANDREWS
PAUL C. GIBBONS

181 WEST MADISON STREET - SUITE 4600
CHICAGO, ILLINOIS 60602

TELEPHONE (312) 236-0733
FACSIMILE (312) 236-3137

GREGORY P. CASIMER
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK
KARA L. SZPONDOWSKI
ROBERT A. CONLEY
LAURA A. KENNEALLY
TAHITI ARSULOWICZ
BRIAN E. HAAN
JOSEPH A. CULIG
ANNA B. FOLGERS
CHRISTOPHER W. NIRO
DANIEL R. FERRI
GABRIEL I. OPATKEN
OLIVER D. YANG

OF COUNSEL:
JOHN C. JANKA

November 17, 2011

**Via Electronic Filing**

Writer's E-mail: mmcandrews@nshn.com
Writer's Direct: (312) 377-3291

The Honorable Leonard P. Stark
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, Delaware 19801

> Re:   *Cisco Systems, Inc., et al. v. Innovatio IP Ventures LLC*
>       C.A. No. 11-425 (LPS)

Dear Judge Stark:

   We write in response to Cisco and Motorola's letter of November 7, 2011, regarding recent events in the first-filed "Au Bon Pain" litigation pending in Illinois.

   The Au Bon Pain action includes claims concerning the infringement of Innovatio's patents by numerous manufacturers' wireless equipment, including products manufactured by Motorola and Cisco. Each of the defendants in the Au Bon Pain action was initially represented by its own counsel. Since Motorola and Cisco filed the present suit, however, Motorola and Cisco's counsel have taken over representation of three of the six remaining defendants in the Au Bon Pain action. Clearly, Motorola and Cisco have injected themselves into, and are directly involved in, the Illinois action. As I mentioned during the October 7, 2011 oral argument on Innovatio's motion to dismiss the Delaware action, Motorola and Cisco are very much *de facto* parties to the Illinois action.

   Judge Chang recently recused himself from the Au Bon Pain action because his spouse, a former software engineer at Motorola, Inc., owns shares of Motorola stock. A copy of Judge Chang's recusal order is attached as Exhibit A for the Court's convenience. In this order, Judge Chang notes that Motorola "is not (for now) a formal party in the Northern District of Illinois action." Nevertheless, Judge Chang concluded that Motorola's interest in the Illinois action is significant enough to require his recusal.

Honorable Leonard P. Stark
November 17, 2011
Page 2 of 2

      There is no need for Motorola to be involved – either as a named party or a behind-the-scenes, *de facto* litigant – in two separate cases in two separate courts.  This is precisely what the first-to-file rule seeks to prevent.  The first-filed Illinois action will resolve all of the issues in the later-filed Delaware action.  Further, the Delaware action can only resolve a small fraction of the issues, if any, at bar in the Illinois action.  For these reasons, this action should be dismissed and/or transferred in favor of the Illinois action.

      Judge Guzman has been assigned to take over the Au Bon Pain action.  We will keep you apprised of any new developments in the case.

      In addition, as Cisco and Motorola have pointed out, Innovatio has been able to resolve many of its customer actions with little court interaction.  Cisco and Motorola also suggest, however, that there is no reason to transfer this Delaware action to Illinois, where cases are likely to settle without any treatment on the merits.

      To the contrary, there is no indication that settlement is imminent between the parties in the Au Bon Pain action.  The parties to the Au Bon Pain action have not engaged in meaningful settlement negotiations since Cisco and Motorola became involved in the action.  At least one defendant has refused to even take part in settlement discussions without Cisco's involvement.  (*See* A. Hollis e-mail to M. McAndrews, June 10, 2011 (noting that Cosi refuses to take part in settlement discussions with Innovatio and "believes that any further settlement discussions should involve Cisco and Motorola"; attached as Exhibit B).)  In the meantime, discovery is ongoing, with the parties working toward the deadlines for final contentions in February 2012 (infringement contentions) and March 2012 (non-infringement and invalidity contentions) and a close of fact discovery in mid-April.  The parties are also required to identify patent claim terms to be construed in mid-March.

      Respectfully,

      */s/ Matthew G. McAndrews*

      Matthew G. McAndrews

MGM/
Enclosures

cc:   Clerk of the Court (Via Hand Delivery)
      Jack Blumfield, Esq. (Via Electronic Mail)
      Steven Cherny, Esq. (Via Electronic Mail)

# Exhibit A

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 4.2
### Eastern Division

Innovatio IP Ventures, LLC

                       Plaintiff,

v.                                                   Case No.: 1:11−cv−01638
                                                          Honorable Edmond E. Chang

Accor North America, et al.

                       Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, November 2, 2011:

    MINUTE entry before Honorable Edmond E. Chang: The assigned district judge recuses himself from the case because of his spouse's ownership of shares in Motorola, Inc. (now Motorola Mobility and Motorola Solutions), where his spouse previously worked as a software engineer. The status hearing of 11/03/11 is vacated. [For further details see attached minute order.]Mailed notice(slb, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edmond E. Chang | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1638 | **DATE** | 11/2/2011 |
| **CASE TITLE** | Innovatio IP Ventures, LLC vs. ABP Corporation, et al. | | |

**DOCKET ENTRY TEXT**

The assigned district judge recuses himself from the case because of his spouse's ownership of shares in Motorola, Inc. (now Motorola Mobility and Motorola Solutions), where his spouse previously worked as a software engineer. The status hearing of 11/03/11 is vacated.

■[ For further details see text below.]     Notices mailed by Judicial staff.

## STATEMENT

As the parties are aware, the Court has been reviewing Defendants' amended motion to stay [R. 137], which is premised on the pending Delaware action in which Cisco Systems and Motorola Solutions has filed a declaratory judgment action against Innovatio. To be sure, Motorola is a formal party only in the Delaware suit, and it is not (for now) a formal party in the Northern District of Illinois action; if Motorola were a formal party here, recusal would be mandatory under 28 U.S.C. 455(b)(4), (d)(4) and Judicial Canon 3(C)(1)(c), (C)(3)(c). It is also true that the parties dispute how many of the allegedly infringed-upon claims are genuinely dependent on whether Motorola's products themselves (and standing alone) infringe, as distinct from allegations that Defendants (who are end-users of the products) have infringed by using the products in *combination* with how Defendants themselves have configured or operated their wireless networks. The parties also dispute how many of the allegedly-infringing products used by Defendants were manufactured by Cisco and Motorola. But what is now clear, upon reviewing the various filings in this action and in Delaware, is that at least some Motorola products are alleged to directly infringe Plaintiff's patents, and the Court concludes that Motorola has a sufficient stake in this lawsuit that, even if mandatory recusal has not been triggered, appearance-based recusal is the appropriate course, see 28 U.S.C. 455(a) and Judicial Canon 3(C)(1). The status hearing of 11/03/11 is vacated, and the parties should await further action from the to-be-assigned judge.

| | Courtroom Deputy Initials: | SLB |
|---|---|---|

# Exhibit B

## McAndrews, Matthew G

| | |
|---|---|
| **From:** | Amanda Hollis <ahollis@kirkland.com> |
| **Sent:** | Friday, June 10, 2011 1:32 PM |
| **To:** | McAndrews, Matthew G |
| **Cc:** | Adam Alper |
| **Subject:** | RE: Innovatio IP Ventures, LLC v. ABP Corp., et al. |

Matt,

In view of Innovatio's substantial demand and the Cisco/Motorola declaratory relief action, Cosi believes that any further settlement discussions should involve Cisco and Motorola.  As such, Cosi does not intend to make a counteroffer and does not think that the settlement process should proceed at this time in connection with this action.  In terms of Cosi's prior offer, in view of the filing of the Cisco/Motorola declaratory relief action, Cosi does not intend to reoffer that amount (which Innovatio rejected in any event).

Please confirm that Innovatio does not oppose taking the settlement conference off calendar.  Please also let us know if you would like to be on the call to the Court.  If Innovatio opposes this approach, Cosi will submit its confidential settlement statement today, apprising the Court of its positions on this issue.  However, since you raised the idea of calling the Court to take the settlement conference off calendar in the first place, we assume Innovatio will not have an issue with a simple call to the Court.

Amanda

Amanda Hollis | Kirkland & Ellis LLP
300 North LaSalle | Chicago, IL 60654
312-862-2011 | amanda.hollis@kirkland.com

| | |
|---|---|
| "McAndrews, Matthew G" <mmcandrews@nshn.com> | To "Amanda Hollis" <ahollis@kirkland.com> |
| | cc "Adam Alper" <AAlper@kirkland.com> |
| 06/10/2011 10:29 AM | Subject RE: Innovatio IP Ventures, LLC v. ABP Corp., et al. |

Amanda,

You have my commitment that the Innovatio team will work cooperatively with the K&E team in the Chicago and Delaware actions, and any other Innovatio cases in which your firm becomes involved.  To that end, though, we need to establish and maintain a mutually open and direct channel of communication.  Ignoring my e-mail of Wednesday afternoon didn't help matters.  And, even at this juncture, you appear unwilling to answer the straightforward question of whether Cosi is willing to increase its last settlement offer.  Instead, you state that "in view of Innovatio's latest settlement offer" and the pending declaratory judgment action, Cosi doesn't believe it makes sense to proceed with the settlement conference.  But this isn't about Innovatio's latest offer.  As I've told you on the phone and confirmed in my e-mail Wednesday afternoon, "Innovatio is willing to further reduce its settlement demand in a meaningful way if Cosi makes a meaningful counteroffer in its settlement letter this Friday."  To be clear: consistent with the purpose of the court-ordered settlement process, Innovatio will reduce its demand and may do so significantly if Cosi participates in the settlement process.

So, putting aside Innovatio's latest offer, is Cosi willing to make a counteroffer and proceed with the settlement process?  And, if not, has Cosi retracted it last settlement offer?  Please let us know Cosi's answers to these questions, and then I'll promptly let you know whether we'll join you in calling the court, or whether Cosi should instead file a written statement of its intention to withdraw from the settlement process.  In the meantime, you do not have Innovatio's consent to call the court concerning settlement issues.

Thanks,